T.C. Summary Opinion 2012-94

UNITED STATES TAX COURT

STEPHEN A. WALLACH AND KIMBERLY K. WALLACH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11051-11S.              Filed September 18, 2012.

Stephen A. Wallach and Kimberly K. Wallach, pro se.

<u>Matthew D. Carlson</u> and <u>Kimberly A. Kazda</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,418 in petitioners' 2007 Federal income tax as well as a section 6662(a) accuracy-related penalty of $1,083. The issues for decision are: (1) whether petitioners are entitled to business expense deductions claimed on a Schedule C, Profit or Loss From Business, for expenses related to petitioner Stephen A. Wallach's real estate brokerage business and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time the petition was filed.

During 2007 Stephen A. Wallach (petitioner) was employed as a pilot for United Airlines and also worked as a real estate broker. Petitioner Kimberly K. Wallach was a homemaker. Petitioner became a licensed California real estate broker in 1981, and he operated a brokerage business as a sole proprietorship.

Petitioner held himself out to deal primarily in commercial real estate sales and related property management. Petitioner researched properties on the Internet, talked with listing brokers, and traveled to geographic locations he believed were promising or met a client's needs.

In 2007 petitioner made approximately 12 offers to purchase properties on behalf of clients. None of the offers resulted in a purchase or sale. Petitioner also advised his parents with respect to properties. Petitioner received $9,000 from his parents in 2007 relating to the advice provided and reported this as income on the Schedule C. Petitioner received similar fees from his parents in other years. The amount received from his parents represent the only income petitioner reported as a broker in 2007. On the 2007 joint Federal income tax return petitioners reported a $31,762 business loss, $23,124 of which related to the real estate brokerage business.[1]

Respondent issued a notice of deficiency disallowing (1) certain business expense deductions relating to petitioner's brokerage business and (2) itemized

---

[1]Petitioners included two Schedules C with their 2007 return. One Schedule C relates to petitioner's real estate brokerage activity; the other relates to a business named Floatical. None of the adjustments in the notice of deficiency relate to Floatical.

deductions relating to petitioner's employment as an airline pilot.[2]  Respondent allowed some of petitioners' claimed business expense deductions but disallowed all of the claimed business expense deductions for travel of $10,533, meals and entertainment of $3,834, and office expenses of $5,512.

## Discussion

The Commissioner's determination is generally presumed correct, and the taxpayer bears the burden of proving the determination is in error.  Rule 142(a). The taxpayer bears the burden of proving that he or she is entitled to the deduction claimed, and this includes the burden of substantiation.  Id.; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions.  Sec. 6001. Section 162(a) provides a deduction for certain business-related expenses.  In order to qualify as a deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense."

[2]Respondent disallowed a cellular telephone expense deduction claimed on Schedule A, Itemized Deductions.  Although petitioners disputed this adjustment in the petition, they did not address this issue at trial nor did they provide any evidence to support the claimed deduction.  As a result, this issue is deemed conceded.  See Rule 149(b).

Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Deputy v. du Pont, 308 U.S. 488, 495 (1940) (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved"). Whether an expense is ordinary is determined by time, place, and circumstance. Welch v. Helvering, 290 U.S. 111, 113-114 (1933). Respondent did not determine that petitioner's activity was not an activity engaged in for profit. See sec. 183.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).

Section 274(d) applies to certain business expenses including, among other things, expenses for listed property (e.g., automobile expenses, cellular telephones,

computer equipment, or any property of a type generally used for purposes of entertainment, recreation, or amusement) and travel (including meals and lodging while away from home). Secs. 274(d), 280F(d)(4)(A). To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following: (1) the amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

It is well established that the Court may permit a taxpayer to attempt to substantiate deductions through secondary evidence where the underlying documents have been unintentionally lost or destroyed. Boyd v. Commissioner, 122 T.C. 305, 320-321 (2004); Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979); Furnish v. Commissioner, T.C. Memo. 2001-286; Joseph v. Commissioner, T.C. Memo. 1997-447; Watson v. Commissioner, T.C. Memo. 1988-29. Moreover, even though Congress imposed heightened substantiation requirements for certain deductions by enacting section 274, the regulations thereunder allow a taxpayer to substantiate a deduction by reasonable reconstruction of his or her expenditures when records are lost through no fault of the taxpayer. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). Because of

computer malfunctions, petitioner had to replace two computer hard drives, which resulted in a loss of some of his records relating to 2007, including an electronic calendar.[3]

Petitioner provided the Court with bank records and photocopies of receipts for meals, hotels, rental vehicles, and airline tickets to substantiate some of his expenses. Some of the documents were partially or wholly illegible. Petitioner also provided the Court with multiple schedules for each type of claimed expense, some of which included a general description, such as "property search" and the city of the search. To aid the Court's analysis and for the purpose of clarity of this opinion, the Court combined the schedules petitioner provided for the reported meal and entertainment expenses and the travel expenses into a single chronological list. We consider the various geographic locations where petitioners claim to have incurred deductible expenses.

Hawaii

Petitioner reported hotel, rental car, and meal expenses relating to a trip to Hawaii in February 2007 which lasted approximately 11 days. Petitioner did not claim a business expense deduction for the cost of his airline ticket to or from

_____

[3]It is not clear whether the computer malfunctions and record losses occurred during 2007, during the examination of petitioners' return, or during preparation for trial.

Hawaii; however, he did claim as a business expense deduction the cost of an airline ticket for a third party. No explanation was given as to who this person is or what business purpose was furthered by this expenditure. Petitioner's records reflect that he paid for multiple hotel rooms for the same nights and that there were multiple occupants in the rooms. Some of the expenses were not evidenced by receipts or reflected in the bank records. Petitioner's explanation for the travel to Hawaii was that he was scouting potential properties for an unnamed client. On the basis of the record, petitioner has not established that these expenditures were ordinary and necessary business expenses, and we disallow all claimed business expense deductions relating to this travel.

Lake Tahoe

Within one day of his return from Hawaii in February 2007, petitioner apparently traveled to Lake Tahoe. He claimed a business expense deduction for the cost of a two-bedroom townhome in Tahoe, California, for three days. The receipt for this expense shows that petitioner Kimberly K. Wallach made the reservation for two people and was listed as the contact person. Petitioner has failed to establish that this claimed expenditure constitutes an ordinary and necessary business expense, and we disallow the claimed deduction for the townhome rental.

Phoenix

In March 2007 petitioner purchased three round-trip airline tickets to Phoenix, Arizona. Petitioner claimed a business expense deduction for one round-trip airline ticket as well as a rental car that petitioner Kimberly K. Wallach rented and paid for with her credit card. Petitioner has failed to establish that these claimed expenditures are ordinary and necessary business expenses. We disallow the claimed business expense deductions relating to the airline ticket and the rental car for this travel.

Dayton and petitioner's parents

Petitioner apparently traveled to Dayton, Ohio, in August 2007. Petitioner's records reflect that petitioner paid for two hotel rooms and had dinner with his parents. As indicated, petitioner's parents were the only source of income reported by the brokerage business for 2007. The hotel room receipts reflect a stay for two adults and three children in two rooms over two days. Petitioner has failed to establish that the meals and lodging were an ordinary and necessary business expense, and we disallow the claimed business expense deductions for the hotel and meal expenses related to this travel.

In addition to his travel to Dayton, petitioner had meals with his parents throughout 2007 and claimed the costs as business expense deductions. Petitioner

apparently considered his parents clients of the brokerage business for many years. Petitioner did not provide any records to corroborate the nature of the advice provided to his parents or any information regarding properties he researched. Petitioner acknowledged that during meals with his parents, he talked about personal matters as well as real estate matters. Petitioner has not established that these meals were ordinary and necessary business expenses. We therefore disallow all business expense deductions claimed for meals with petitioner's parents throughout 2007.

National park

Petitioner claimed deductions for hotel and meal expenses relating to travel to Yosemite National Park on December 23, 2007. Petitioner did not provide the Court with any evidence as to his real estate brokerage activity in his travel to Yosemite. As a result, we find these expenses are not ordinary and necessary and we therefore disallow the claimed business expense deductions relating to the meal and hotel expenses for this travel.

Hotel stays in San Francisco area

Petitioner claimed business expense deductions for hotel expenses for a number of stays near the San Francisco airport. Petitioner's records describe the San Francisco airport expenses as incurred in order to report to work as a pilot the

next day. Since these expenditures appear to relate to petitioner's employment as a pilot and not his real estate brokerage activity, it is clear that they are not proper Schedule C deductions. Petitioner has failed to establish that these expenditures are ordinary and necessary business expenses related to his brokerage activity. Additionally, petitioner has failed to established that the claimed deductions are proper employee business expenses.

Petitioner's list of hotel expenses also indicates that he incurred multiple expenses at hotels 30-45 miles from his home, in downtown San Francisco and Napa, California. Petitioner failed to explain the purpose of these expenditures. Petitioner has failed to establish that these expenses were ordinary and necessary, and we therefore disallow these business expense deductions for hotel expenses.

Meals and entertainment

Petitioner claimed business expense deductions for meals and entertainment in addition to the previously mentioned travel. We also disallow any meal and entertainment expense not evidenced by a receipt or bank record as unsubstantiated. We have carefully examined the receipts and records petitioner provided, and we are satisfied that petitioner has substantiated business meal and entertainment expenses of $3,888.99. Section 274(n) provides that only 50% of meal and entertainment expenses is allowable as a deduction. See also Fleming v.

<u>Commissioner</u>, T.C. Memo. 2010-60. As a result, petitioner is entitled to a business expense deduction for meals and entertainment of $1,944.50, rather than the $3,834 petitioner claimed on the return.

<u>Travel</u>

Petitioner claimed business expense deductions for travel in addition to the previously mentioned travel. We disallow any travel expense not evidenced by a receipt or bank record as unsubstantiated. We have carefully examined the receipts and records petitioner provided, and we are satisfied that petitioner has substantiated business travel expenses of $3,236.17, rather than the $10,533 claimed on the return.

<u>Office expense</u>

Petitioner claimed an office expense of $5,512 on his 2007 Schedule C for the real estate brokerage business. At trial petitioner provided an updated schedule in which he reduced his claim to $4,374. A portion of the reduced claim represents computer equipment and software which are listed property subject to the heightened substantiation requirements of section 274(d). Petitioner did not provide testimony about the office expenses nor any receipts related to the claimed office expense deduction. Therefore petitioner has failed to substantiate that he incurred any deductible office expenses. <u>See</u> <u>Diers v. Commissioner</u>, T.C. Memo. 2003-229.

As a result, we disallow the entire business expense deduction related to the office expenses.

Accuracy-related penalty

Taxpayers may be liable for a 20% penalty on the portion of an underpayment of tax attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The section 6662(a) accuracy-related penalty does not apply where the taxpayer shows that he or she acted in good faith and with reasonable cause. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith and with reasonable cause depends on the facts and circumstances of each case and includes the knowledge and experience of

the taxpayer and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Most important in this determination is the extent of the taxpayer's effort to determine the proper tax liability. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent has satisfied his burden by producing evidence that petitioners failed to maintain adequate books and records or substantiate the claimed business expense deductions. Accordingly, because respondent has met his burden of production, petitioners must come forward with persuasive evidence that the accuracy-related penalty should not be imposed with respect to the underpayment because they acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioners did not offer any argument or other evidence to show that there was reasonable cause for the portion of the underpayment relating to the deductions claimed and that they acted in good faith with respect to the claimed deductions.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 2007 is sustained.[4]

### Conclusion

Petitioners are entitled to claim business expense deductions with respect to petitioner's real estate brokerage business for 2007 of $1,944.50 for meals and entertainment and $3,236.17 for travel.  Petitioners are also liable for the section 6662(a) accuracy-related penalty for 2007.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4]Since we have allowed some business expense deductions that respondent disallowed, the amount of tax required to be shown on petitioners' 2007 Federal income tax return will be reduced from the amount determined in the notice of deficiency.